### KING v. STATE. (8 Div. 34.)

(Court of Appeals of Alabama. July 10, 1923.)

1. Intoxicating liquors ⊙→233(1) — Evidence that stills were close together held admissible.

In trial for liquor law violation, where a state's witness had testified without objection that at the same time and place when

---

⊙→For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

accused was apprehended he and the other officers with him had found three stills, it was not error to permit this witness to testify how close the stills were together, as showing whether they were being operated together.

**2. Criminal law ☞364(1)—That accused gave alarm when approaching still with officers held part of res gestæ.**

That accused, accompanying officers in search of a still, when close to the still commenced to hallo and call dogs, with no dogs near or any apparent necessity therefor, *held* part of the res gestæ, tending to connect accused with one who was then operating the still.

**3. Criminal law ☞763, 764(7)—Charge held affirmative charge.**

A charge, "I charge you, gentlemen of the jury, that if you believe the evidence in this case beyond a reasonable doubt that the defendant is guilty, it is your duty to convict the defendant although you believe it is possible that he is not guilty," *held* reversible error as amounting to an affirmative instruction for the state, not justified by evidence.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Guy King was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

The affirmative charge for the state was error to reverse. Wilkinson v. State, 106 Ala. 23, 17 South. 458; Smith v. State, 92 Ala. 30, 9 South. 408.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The defendant was indicted jointly with two others. The indictment contained two counts. The first count charged manufacturing prohibited liquor and the second possessing a still. Severance being demanded defendant alone is on trial. The state's witness Stewart having testified without objection that at the same time and place he and the other officers with him had found three stills, it was not error to permit this witness to testify how close the stills were to each other, as tending to show whether the stills were all being operated together.

[2] The stills found were in the neighborhood of defendant's home; some witnesses placing the distance of the stills from defendant's home at ¾ of a mile and others 1½ miles. The officers first went to defendant's house, where they found some "still slop" in a wagon. Following the track made by this wagon in the direction of where the still was found, they came upon defendant at a negro house, and the officers deputised defendant to go with them to look for the still. Proceeding with the officers, they "got down pretty close to where Garrett (another defendant) was running the still"; the defendant "commenced to hollo and call dogs." Being in close proximity to the still at a time it was being operated by Garrett, a codefendant, the "holloing and calling dogs," with no dogs near or any apparent necessity therefor, was a part of the res gestæ tending to connect the defendant with Garrett, who was at the time engaged in manufacturing the whisky.

The foregoing exceptions are not insisted on in brief of counsel, but the exceptions appear of record, and under the law we must pass upon them, whether insisted on or not. The other objections to the introduction of testimony are without merit.

[3] The defendant insists, however, that there must be a reversal of this case because the court gave at the request of the state the following charge:

"I charge you, gentlemen of the jury, that if you believe the evidence in this case beyond a reasonable doubt that the defendant is guilty, it is your duty to convict the defendant although you believe it is possible that he is not guilty."

It is very evident from a casual reading of this charge that there is the omission of a word which changes its entire meaning and renders it, in effect, an affirmative instruction for the state, which, under the evidence as set out in the record, requires a reversal of the judgment.

For this error the judgment is reversed and the cause is remanded.

Reversed and remanded.